UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECRETT HAMPTON, | : | |
| Plaintiff, | : : : | |
| VS. | : : | NO. |
| THE STATE OF CONNECTICUT, JUDICIAL BRANCH, STEPHEN GRANT, DEBORAH FULLER and JOHN FITZGERALD, | : : : : : | |
| Defendants. | : | AUGUST 24, 2018 |

## C O M P L A I N T

**COUNT ONE**

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the laws of the United States and the State of Connecticut. The defendants and each of them participated in discrimination against, disparate treatment, harassment of and retaliation against the plaintiff, an African American female.

2. Said conduct was and is based upon the plaintiff's race, color, ethnicity, gender or in retaliation for her protected complaints about unlawful conduct. The conduct of the defendants was persistent and ongoing to the present, thus constituting a continuous course of conduct.

3. The defendants have disparately treated the plaintiff, unfairly punished and harassed her, have created a hostile work environment, have retaliated against her for her protected complaints and have denied her employment opportunities within the defendants, which opportunities have been afforded, and which harassment and punishment has not been imposed upon similarly situated employees not of the plaintiff's race, color, ethnicity, gender or in retaliation for her protected complaints about unlawful conduct.

4. The conduct of the defendants is reckless or intentional and carried out with malice, ill will, or improper motive, on the basis of race, color, ethnicity, gender or in retaliation for her protected complaints about unlawful conduct.

5. By and through their conduct as stated herein, the defendants have subjected the plaintiff to, inter alia, violation of the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

6. By and through their actions described hereinafter, the defendants have violated common law rights secured to the plaintiff by the laws of the State of Connecticut, as their actions against the plaintiff constitute violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 et seq. of the Connecticut General Statutes, failure to adequately train and supervise and the intentional infliction of emotional distress.  Such claims are invoked pursuant to this court's supplemental jurisdiction.

7. Jurisdiction of this Court is invoked under the provisions of Title 28 United States Code §§1331, 1343(3) and 1367(a), and Title 42 United States Code §2000e-5(f).

8. During all times mentioned in this Complaint, the plaintiff, Secrett Hampton, was and is an adult citizen of the United States, residing in New Haven, Connecticut.

9. The plaintiff is an African American female.

10. The State of Connecticut, Judicial Branch is a defendant.

11. At all times relevant to the instant complaint, the Judicial Branch defendant was and is an employer with more than 100 employees.

12. At all times relevant to the instant complaint, the plaintiff was and is employed in defendant Judicial Branch's Court Support Services Division in the Juvenile Residential Services Unit, located at 239 Whalley Avenue, New Haven, Connecticut as a Juvenile Detention Transportation Officer (JTO).

13. The plaintiff commenced employment with the defendant Judicial Branch on November 7, 2008.

14. As an African American female, the plaintiff has been subjected to discriminatory and hostile treatment at the workplace, and harsher discipline, up to and including termination, than her non African American counterparts.

15. On or about October 21, 2016 the plaintiff and her sole assigned partner, Aquil Abdul-Salaam, transported a known dangerous juvenile inmate to a medical appointment.

16. Abdul-Salaam is also African American and black.

17. A short time prior to being transported by the plaintiff and her sole partner, the inmate assaulted a seasoned male staff member at the facility at which the inmate was housed, choking and severely injuring the staff member, requiring hospitalization. On another occasion, while the plaintiff herself was transporting the violent inmate, the inmate became so enraged that he attempted to kick out the doors of the transport van, necessitating the plaintiff to pull over and await the arrival of additional staff to proceed safely.

18. Due to the danger presented by the physically violent inmate, before transportation the inmate was placed in the most restrictive mechanical restrains available and permissible by defendant's rules and policies, including leg shackles, handcuffs and a belly chain secured around his waist attached to the handcuffs.

19. The medical appointment took place in a busy public physician's office, in which children and elderly members of the public and others were present.

20. While in the busy public medical office, the inmate defeated his restraints, leaving the now unsecured belly chain attached to his handcuffs in front of his body, for ready use as a deadly weapon.

21. The inmate refused to comply with the plaintiff, acted in a threatening manner, and thereafter fled the medical office.

22. The plaintiff and her colleague followed the inmate at a safe distance according to defendant Judicial Branch's policy, but were unable to safely restrain him and return him to custody.

23. The inmate was later rearrested and returned to defendant Judicial Branch's custody.

24. The plaintiff and her coworker returned to their work location and each completed incident reports of the escape.

25. Later in the day, about ten minutes before the end of her shift, the plaintiff was approached by the defendant John Fitzgerald, Superintendent of the defendant Judicial Branch, who is white of race and color, and the shift supervisor of defendant Judicial Branch, Jimmy Gomez, who is of mixed Hispanic race and color.

26. The plaintiff was told to hand in her badge.

27. The defendants immediately placed the plaintiff on unpaid administrative leave prior to any investigation whatsoever.

28. Upon information and belief, the defendants reported the plaintiff to the Connecticut Department of Children and Families (DCF), alleging physical and emotional neglect of the inmate.

29. The DCF investigation concluding neglect was appealed by the plaintiff.

30. The defendants refused and failed to conduct a timely investigation and the plaintiff remained on unpaid administrative leave for a protracted time, about which the plaintiff complained.

31. On February 3, 2017, the defendants terminated the plaintiff from employment.

32. The decision to suspend without pay, and then to terminate the plaintiff was recommended by defendant Deborah Fuller, Director of Family/Juvenile Services of defendant Judicial Branch and defendant John Fitzgerald, Superintendent of defendant Judicial Branch.  Both Fuller and Fitzgerald are white in race and color.  Both are agents, officers or employees of defendant Judicial Branch.

33. The person who made the final decision to suspend without pay and to terminate the plaintiff was defendant Stephen Grant, Executive Director, Court Support Services Division of defendant Judicial Branch.  Grant is white in race and color and is an agent, officer or employee of defendant Judicial Branch.

34. In part, the defendants relied upon the unsupported findings of DCF to punish the plaintiff.  Those findings were reversed on appeal to that agency and set aside on April 2, 2018.

35. The DCF noted that behavior attributed to the plaintiff by the prisoner, upon which the defendants relied in punishing the plaintiff, was neither credible nor substantiated by objective witnesses.

36. Rather, the objective witnesses described the plaintiff as "amazing" in the face of the dangerous and defiant inmate.

37. On May 23, 2018, pursuant to Union Arbitration, the termination, and substantial portion of the plaintiff's unpaid suspension was reversed by Arbitration Award.

38. The defendants treated the plaintiff more harshly than employees similarly situated to the plaintiff who are not African American.

39. Prior to the event for which the plaintiff was suspended without pay and terminated, Juvenile Detention Transportation Officer Carissa Laudano was involved in a substantially similar incident. Laudano is white of race and color.

40. As in the subject incident, a juvenile inmate in the care of Laudano was allowed to escape from her custody.

41. Laudano failed to follow defendant Judicial Branch's policy. Both the inmate and Laudano were injured as a result and both required medical attention at the hospital.

42. Laudano was neither placed on unpaid administrative leave pending an investigation outcome, nor terminated.

43. Rather, Laudano, who had only been with the defendant Judicial Branch for less than a year, was promoted.

44. By imposing harsher discipline upon the plaintiff than that imposed upon a non African American employee similarly situated to the plaintiff, the defendants treated the plaintiff more harshly than similarly situated non African American employees, discriminating against her in the terms and conditions of employment based on her race, color and ethnicity.

45. The plaintiff has exhausted her administrative remedies in this matter.

46. The actions of the defendant Judicial Branch constitutes, inter alia, discrimination based upon race, color, ethnicity, gender or in retaliation for her protected complaints about unlawful conduct, in violation of the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

47. As a result of the actions of the defendants, the plaintiff has suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT TWO**

1.-46.  Paragraphs 1-46 of Count One are hereby made Paragraphs 1-46 of Count Two.

47.  By and through their actions described hereinafter, the defendant Judicial Branch has violated common law rights secured to the plaintiff by the laws of the State of Connecticut, as their actions against the plaintiff constitute violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 et seq. of the Connecticut General Statutes.

48.  As a result of the actions of the defendants, the plaintiff has suffered loss of her rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT THREE**

1.-46.  Paragraphs 1-46 of Count One are hereby made Paragraphs 1-46 of Count Three.

47.  By and through their actions described hereinafter, the defendants have violated common law rights secured to the plaintiff by the laws of the State of

Connecticut, as they have failed to adequately train, screen, hire or supervise their employees.

48. As a result of the actions of the defendants, the plaintiff has suffered loss of her rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT FOUR: As to Defendants Grant, Fuller, Fitzgerald**

1.-46. Paragraphs 1-46 of Count One are hereby made Paragraphs 1-46 of Count Four.

47. The actions of the defendants were extreme and outrageous.

48. The actions of the defendants were intentional.

49. The actions of the defendants were likely to and did cause the plaintiff emotional distress, and that emotional distress was severe.

50. The actions of the defendants constitute the intentional infliction of emotional distress.

51. As a result of the actions of the defendants, the plaintiff has suffered loss of her rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of

reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT FIVE: As to Defendants Grant, Fuller, Fitzgerald**

1.-46.  Paragraphs 1-46 of Count One are hereby made Paragraphs 1-46 of Count Four.

47.  During all times mentioned in this action, the defendant Stephen Grant was the Executive Director, Court Support Services Division of defendant State of Connecticut Judicial Branch, acting in his official capacity.  For the purpose of this Count he is sued, however, only in his individual capacity.

48.  During all times mentioned in this action, the defendant Deborah Fuller was the Director of Family/Juvenile Services of defendant State of Connecticut Judicial Branch acting in her official capacity.  For the purpose of this Count she is sued, however, only in her individual capacity.

49.  During all times mentioned in this action, the defendant John Fitzgerald was the Superintendent of defendant State of Connecticut Judicial Branch, acting in his official capacity.  For the purpose of this Count he is sued, however, only in his individual capacity.

50.  During all times mentioned in this Complaint, the defendants Grant, Fuller and Fitzgerald were acting under color of law, that is, under color of the Constitution,

statutes, laws, charters, ordinances, rules, regulations, customs and usages of the United States and the State of Connecticut.

51.  The conduct of the defendants Grant, Fuller and Fitzgerald was intentional and reckless.

52.  The conduct of the defendants Grant, Fuller and Fitzgerald constitute discrimination and disparate treatment in violation of equal protection, due process, and 42 U.S.C. Sections 1981 and 1983.

53.  As a result of the actions of the defendants, the plaintiff has suffered loss of her rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**WHEREFORE**, the plaintiff claims judgment against the defendants as follows:

A.  Compensatory damages, including but not limited to back pay, lost overtime pay, lost vacation pay, lost seniority and other employment-related benefits; and compensation for other economic losses, including but not limited to emotional distress, physical illness and attorney's fees;

B.  Punitive damages;

C. Costs of this action;

D. Reasonable attorney's fees;

E. Such other relief as this Court shall consider to be fair and equitable.

## CLAIM FOR JURY TRIAL

The plaintiff claims trial by jury in this case.

THE PLAINTIFF

BY_____/S/_____
WILLIAM S. PALMIERI
Federal Bar No. ct14361
Law Offices of William S. Palmieri, L.L.C.
110 Whitney Avenue
New Haven, CT 06510
(203) 562-3100
(203) 909-6006 (fax)
wpalmieri@hotmail.com
Her Attorney