UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECRETT HAMPTON | : | CIVIL NO. 3:18CV01445(VAB) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| JUDICIAL BRANCH, STEPHEN GRANT, | : | |
| DEBORAH FULLER and | : | |
| JOHN FITZGERALD | : | |
| *Defendants* | : | January 17, 2019 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants, State of Connecticut Judicial Branch, Stephen Grant, Deborah Fuller and John Fitzgerald (collectively hereinafter "Defendants") hereby move for an order staying all discovery, including the filing of a Parties' Rule 26(f) Report, in this matter pending resolution of the Defendants' Motion to Dismiss filed on January 16, 2019. [Doc. # 24]. Defendants' Motion to Dismiss seeks dismissal of the Complaint in its entirety and is based upon several grounds including:

A. The Court lacks subject matter jurisdiction over all Defendants for Counts Two, Three and Four since same are barred by the doctrine of sovereign immunity;

B. The Court lacks personal jurisdiction over Defendant Grant in his individual capacity as asserted in counts One, Three and Five, due lack of service of process;

C. Counts One and Two are barred since the Plaintiff failed to exhaust her administrative remedies;

D. Plaintiff's claim for Intentional Infliction of Emotional Distress in Count Four fails to state a claim upon which relief can be granted;

1

E. Plaintiff's 42 U.S.C. §1983 claim in Count Five fails to state a claim upon which relief can be granted;

F. The 42 U.S.C. § 1981 claim must be dismissed since 42 U.S.C. § 1983 is the exclusive remedy;

G. The Plaintiff is not entitled to punitive damages against Judicial, a state agency; and

H. The Plaintiff is not entitled to a jury trial as to equitable relief under Title VII or CFEPA.

Should the Defendants' Motion to Dismiss be granted, the requirement of conducting discovery would be moot. Thus, a stay is appropriate to avoid an unnecessary waste of resources.

## I. ARGUMENT

It is well-settled that "the court has the discretion to stay discovery for good cause, and . . . good cause may be shown where a party has filed (or sought leave to file) a dispositive motion." *Cuartero v. United States*, 2006 U.S. Dist. LEXIS 79641, *3, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (noting court's power under Fed. R. Civ. P. 26 (c)); *see also Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 68 (E.D.N.Y. 2007) (citing *Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir. 1987)) ("Under Rule 26, courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order.") In determining whether to stay discovery, the Court should "consider the strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trask Software and Info. Servs., LLC v.* RPost *Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

The relief sought by the instant motion, namely a stay of discovery, is thus particularly appropriate because Defendants have raised lack of jurisdiction over the subject matter and Plaintiff's failure to state a claim upon which relief can be granted.

The Defendants, the government and government officials have "a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery . . ., as inquiries of this kind can be peculiarly disruptive of effective government." *Behrins v. Pelletier*, 519 U.S. 299, 308 (1996) citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (emphasis in original; quotation marks omitted).  Defendants should not be forced to provide discovery in the absence of subject matter jurisdiction with respect to the claims. A stay of discovery is appropriate here in light of defendants' strong arguments on subject matter grounds. Under the circumstances, "the motion to dismiss could significantly narrow, if not eliminate, the issues in the case [and] proceeding with discovery would waste the parties' resources and constitute an undue burden on the defendants." *Cuatero,* 2006 U.S. Dist. LEXIS 79641, at *3 (quotation marks omitted); *see also Warren v. Department of Corrections*, 3:14CV0656(AVC), docket number 26 granting consent motion to stay discovery.  That burden would be substantial and prejudicial to defendants, and occasion the unnecessary expenditure of taxpayer resources. There are no pending discovery requests by either party.

"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the complaint is pending." *Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citations omitted). Pursuant to Fed. R. Civ. P. 26(c), this Court can limit the timing of discovery for good cause shown, which includes a pending dispositive motion. See *Cuartero*, 2006 U.S. Dist. LEXIS 79641, at *3.  Staying discovery until the resolution of a dispositive motion "is an

eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted).

A dispositive motion that raises substantial issues as to the viability of a plaintiff's claim presents good cause for granting a stay. See *Cuartero*, 2006 U.S. Dist. LEXIS 79641, at *3 ("the court has the discretion to stay discovery for good cause, and . . . good cause may be shown where a party has filed (or sought leave to file) a dispositive motion."); see also *Computer Assocs. Int'l, Inc. v. Simple.com*, Inc., 247 F.R.D. 63, 68 (E.D.N.Y. 2007), citing *Transunion Corp. v. PepsiCo, Inc*., 811 F.2d 127, 130 (2d Cir. 1987) ("Under Rule 26, courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order").

"Good cause [to stay discovery] may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002), citing *Anti-Monopoly, Inc. v. Hasbro, Inc*., No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996) (collecting cases); see also *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").

Here, Defendants have filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) to dismiss this matter in its entirety for several reasons. The motion, if granted, would dispose of Plaintiff's entire case. "A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion

4

"appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12CV0038 RNC, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012), quoting *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y.2002); *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Should the Court grant the Motion to Dismiss, the Complaint would be dismissed in its entirety, and discovery then would be moot.

In a matter similar to this one, District Court Judge Charles S. Haight on January 30, 2014 granted the defendant's motion to stay discovery in the matter of *Volpe et al. v. Department of Mental Health and Addiction Services*, 3:13CV01796(CSH). In granting the motion to stay discovery, Judge Haight relied on a decision of this Court in *ITT Corp. v. Travelers Cas. And Sur. Co.*, No. 3:12CV38(RNC) 2012 WL 2944357, *3 (D. Conn. Jul. 18, 2012) ("a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law") ("Rule 26 is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims.").

More recently, a stay of discovery has been issued in *Hollis v. DMHAS*, 3:14CV0516(AWT)(Docket Entry No. 29); *Pacheco v. Department of Mental Health and Addiction Services*, 3:16CV2134(JAM)(see Docket Entry # 17, granting the parties' Joint Motion for Stay, March 15, 2017); *Johnson v. Department of Administration Bureau of Enterprise Systems Technology*, 3:17CV0901(JAM)(see Docket Entry # 29, granting Defendant's Motion

5

for Stay, October 17, 2017) and *Rainey v. Department of Social Services*, 3:17CV01222(VAB) *see* Docket Entry # 31, granting unopposed Motion for Stay, February 21, 2018).

## II. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court issue an Order staying discovery, case management deadlines and all other case-related obligations in this matter, including but not limited to the filing of a Parties' Rule 26(f) Report, until thirty (30) days after this Court issues its ruling on the Defendants' Motion to Dismiss [Doc. #24].

DEFENDANTS

WILLIAM TONG
ATTORNEY GENERAL


BY:  /s/  Carletha S.P. Texidor
      Carletha S.P. Texidor
      Assistant Attorney General
      Employment Rights Department
      55 Elm Street, P.O. Box 120
      Hartford, CT 06141-0120
      Tel.: (860) 808-5340
      Fax: (860) 808-5383
      E-Mail: Carletha.Texidor@ct.gov
      Federal Bar No. ct29604


## **CERTIFICATION**

    I hereby certify that on January 17, 2019 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


      /s/_Carletha S.P. Texidor
      Carletha S.P. Texidor (#ct29604)
      Assistant Attorney General